```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**EARL K. SHRINER,**

        **Plaintiff,**

                                         CIVIL ACTION
   **vs.**                                    No. 07-3306-SAC

**KAREN ROHLINGS, et al.,**

        **Defendants.**


ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999).

In evaluating the sufficiency of a complaint, the court

"presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Plaintiff is incarcerated at the Larned Correctional Mental Health Facility (LCMHF).[1] In November 2007, plaintiff filed several administrative grievances seeking his transfer to the state hospital[2] for evaluation of "a mental block" and other, unspecified mental health concerns. In response to one such grievance, Dr. Thomas Van Dillen advised plaintiff that his placement was made under the Interstate Corrections Compact and required his placement at the LCMHF (Doc. 1, attach., grievance dated 11/8/07 and response by Thomas Van Dillen, Ph. D.)

---

[1] The court takes judicial notice the plaintiff was convicted in another jurisdiction and was sentenced in 1990 to a sentence in excess of 100 years.

[2] The court liberally construes this to request a transfer to the Larned State Security Hospital. The Larned Correctional Mental Health Facility was built to house the most severely and persistently mentally ill inmates in state custody, inmates with borderline personality disorders, and those with conduct disorders which render them inappropriate for placement in other correctional facilities. *www.dc.state.ks.us/facilities/lcmhf/overview.* The Larned State Hospital, in contrast, has three program areas: Psychiatric Service Program, State Security Program, and its Sexual Predator Treatment Program. The State Security Program offers treatment and care for "those patients committed to the State Security Hospital under court orders for care, treatment and forensic evaluations." *www.srskansas.org/LSH/ssh.html*

Plaintiff then commenced this action, in which he alleges violations of his constitutional rights. Plaintiff first alleges cruel and unusual punishment. The court construes this claim to allege a denial of medical care based upon the denial of a transfer to seek a competency evaluation.

Prison officials violate the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). However, a prisoner's disagreement or dissatisfaction with the treatment offered by prison medical staff is not sufficient to establish deliberate indifference. *See Perkins v. Kansas Department of Corrections,* 165 F.3d 803, 811 (10th Cir. 1999).

The denial of plaintiff's request for a transfer to obtain a competency hearing falls short of deliberate indifference as there is no evidence that plaintiff requires the specific evaluation he desired or that he cannot obtain adequate medical attention at the facility where he is incarcerated. Accordingly, this claim must be dismissed.

Plaintiff also alleges he was denied due process by the defendants' failure to evaluate his request for a competency evaluation. The court construes this request as a challenge to the denial of a transfer sought by the plaintiff.

3

The failure to transfer plaintiff on demand, however, does not implicate due process because a prisoner has no constitutional right to a specific classification or housing assignment. *See Hewitt v. Helms,* 459 U.S. 460, 468 (1983). *See also Wolff v. McDonnell,* 418 U.S. 539, 560 (1974)(federal courts must defer to the discretion of prison officials regarding daily operations in a volatile environment). Accordingly, plaintiff was not denied due process by the denial of a transfer to the Larned State Hospital.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to plaintiff and to the Finance Officer of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 13th day of February, 2008.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge